WICKER, Judge.
Eunice Locklear, the plaintiff in this suit involving employee insurance benefits, appeals the dismissal of her claims against all defendants. The issue is whether or not the provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1001, et seq., preempt her state law claims. We affirm.
*938 Locklear was an employee of Visko’s, Inc., originally under the management of Joseph S. Vuskovich. Locklear enrolled in an employee group benefit insurance program sponsored by The Chamber/New Orleans and the River Region and administered by Marsh and McLennan Group Associates. New York Life Insurance Company issued a group health and major medical insurance policy; and Locklear was a participant in this insurance, with premiums deducted from her pay by Visko’s for forwarding to the insurer.
Visko’s employed new management, Cov-ington Management Corporation, on May 1, 1984; and Visko’s employees were advised on May 31, 1984 that there would be an increase in premiums. Premium payments were deducted from Locklear’s pay in both May and June. Nevertheless, Covington Management failed to forward those payments to Marsh and McLennan for processing; and Marsh and McLennan made demand advising that the policy would be cancelled for non-payment. When the premiums were not paid as demanded, the insurance in force was cancelled retroactively to April 1984. However, Locklear was not notified of this cancellation.
Locklear entered West Jefferson for her heart condition on June 24, 1984 after having been assured by Covington Management’s employees, Robert Gunther and Fred E. Johns, that all her medical bills would be taken care of. West Jefferson also verified her coverage. She executed an assignment of benefits form in favor of West Jefferson. She applied for benefits in July by completing the appropriate documents and then later amending those documents as requested. No payments were ever made by New York Life, and Lock-lear’s medical providers demanded payment from her of $6,656.00.
In August 1984 at an employee meeting, Covington Management belatedly advised Locklear that its employees were no longer participating in the group insurance program. Since that time, Locklear has allegedly been wrongfully discharged by Vis-ko’s.
Locklear now claims damages in the amount of her unpaid medical bills. She also claims that, as a result of New York Life’s failure to pay these bills, West Jefferson has refused her needed admissions without advance payment of a $2,000.00 deposit and that her health now prevents her from obtaining other insurance.
Locklear has sued multiple defendants on several causes of action: Visko’s and Covington Management for wrongful termination; Robert Gunther, Fred E. Johns, and Covington Management for negligent misrepresentation and/or fraud; and New York Life, The Chamber, and Marsh and McLennan for improper cancellation of the insurance contract. Locklear, New York Life, The Chamber, and Marsh and McLen-nan all filed motions for summary judgment. In addition, an exception of no cause of action was filed by the Chamber; and one of prescription was filed by Cov-ington Management.
The trial judge considered the various motions for summary judgment and dismissed, without prejudice, all Locklear’s claims against all the defendants, with leave for her to refile under ERISA. He also dismissed all other pending motions and exceptions. The reason for the dismissal was the judge’s belief that Locklear’s state law claims were inapplicable and that her case was preempted by ERISA.
The Court believes that Ms. Locklear’s claim is a claim in contract involving improper processing of health insurance benefits. This type of action falls under ERISA and state law does not apply except in limited situations. The case of Pilot Life Insurance Company v. Dedeaux, [481 U.S. 41] 107 S.Ct. 1549 [95 L.Ed.2d 39] (April 1987) explains that the preemption clause of (ERISA) Sec. 514(a) supersedes all state laws insofar as they “relate to any employee benefit plan.” The policy with New York Life Insurance Company is obviously an employee benefit plan. The policy language clearly expresses that it is an ERISA plan. Plaintiff’s claim relates to an employee benefit plan, making ERISA the applicable law. *939 ERISA’s “savings clause” Sec. 514(b)(2)(A) excepts from the pre-emption clause any state law that “regulates insurance.” Plaintiff believes that her cause of action falls under the savings clause of ERISA, and that state law should apply to her case. She argues that this case involves an improper cancellation of the insurance contract. Plaintiffs position is that New York Life did not comply with Louisiana State Statutes on cancelling insurance policies, and that statutes governing the cancellation of insurance policies “regulate insurance”, so the case falls under the savings clause of ERISA.
The Court doesn’t think that this cause of action arises from an improper cancellation of the insurance contract. The policy was not cancelled. It terminated due to nonpayment of the premiums. The Court holds that this is a suit for improper processing of claims under an employee health benefit plan. ERISA specifically provides the exclusive remedy here. State common law causes of action asserting improper processing of a claim are preempted by federal law. Kanne v. Connecticut Life. [819 F.2d 204] No. 85-5641 (Ninth Cir., June 4, 1987); Pilot Life Insurance Company v. Dedeaux, [481 U.S. 41] 107 S.Ct. 1549 [95 L.Ed.2d 39] (April, 1987).
Locklear assigns these alleged errors:
(1) The trial court erred when it dismissed appellant’s suit on Motion for Summary Judgment claiming that the state law claims are preempted by Sec. 514(a) of the Federal Employee Retirement Income Security Act of 1974 (ERISA), 28 U.S.C. Sec. 1001, et seq. and, thus, not properly before the State court.
(2) The trial court erred when it failed to grant appellant’s Motion for Summary Judgment under applicable state law regulating the business of insurance.
(3) The trial court erred when it dismissed appellant’s claim of illegal discharge since this claim was not before the Court pursuant to any motion or exception.
(4) The trial court erred by dismissing this suit instead of ordering its removal to Federal District Court under 28 U.S.C. Sec. 1441(b).
These are the ERISA provisions in question:
1003. Coverage
(a) Except as provided in subsection (b) of this section and in sections 1051, 1081, and 1101 of this title, this subchapter shall apply to any employee benefit plan if it is established or maintained—
(1) by any employer engaged in commerce or in any industry or activity affecting commerce;
[[Image here]]
(The exceptions in subsection (b) are not germane.)
1109. Liability for breach of fiduciary duty
(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this sub-chapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.
[[Image here]]
1132. Civil enforcement
(a) Persons empowered to bring a civil action
A civil action may be brought—
(1) by a participant or beneficiary—
[[Image here]]
(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;
[[Image here]]
(e) Jurisdiction
(1) Except for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have *940 exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, or fiduciary. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.
[[Image here]]
1140. Interference with protected rights
It shall be unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan, this subchapter, section 1201 of this title, or the Welfare and Pension Plans Disclosure Act [29 U.S.C.A. Sec. 301 et seq.], or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan, this subchapter, or the Welfare and Pension Plans Disclosure Act.... 1144. Other laws
(a) Supersedure; effective date
Except as provided in subsection (b) of this section, the provisions of this sub-chapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title....
(b) Construction and application
[[Image here]]
(2)(A) Except as provided in subpara-graph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.
(B) Neither an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies. .
[[Image here]]
A concise summary of these relevant ERISA provisions is found in Metropolitan Life Ins. Co. v. Mass., 471 U.S. 724, 732-733, 105 S.Ct. 2380, 2385-2386, 85 L.Ed.2d 728 (1985):
ERISA imposes upon pension plans a variety of substantive requirements relating to participation, funding, and vest-ing_ It also establishes various uniform procedural standards concerning reporting, disclosure, and fiduciary responsibility for both pension and welfare plans_ It does not regulate the substantive content of welfare-benefit plans. See Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 91, 103 S.Ct. 2890, 2896-2897, 77 L.Ed.2d 490 (1983).
ERISA thus contains almost no federal regulation of the terms of benefit plans. It does, however, contain a broad preemption provision declaring that the statute shall “supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.”...
While Sec. 514(a) of ERISA broadly preempts state laws that relate to an employee-benefit plan, that pre-emption is substantially qualified by an “insurance saving clause” ... which broadly states that, with one exception, nothing in ERISA “shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities.” The specified exception to the saving clause is ... the so-called “deemer clause,” which states that no employee-benefit plan, with certain exceptions not relevant here, “shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, *941 insurance contracts, banks, trust companies, or investment companies.”
Clearly, absent the insurance savings clause, Locklear’s case would be pre-empt-ed by ERISA. In order to resolve the issues presented, we must determine whether the Louisiana statutes relied upon by Locklear as an exception are indeed laws which regulate insurance.
PREEMPTION
All parties agree that the health insurance plan is an ERISA welfare plan. As such, it is clearly within the ambit of ERISA’s exclusive remedy provisions unless it falls within the exception of the insurance saving clause.
Locklear claims that certain Louisiana statutes are relevant to her case, that those statutes regulate the business of insurance, and that they are therefore not preempted by ERISA. The statutes to which she cites us are found in the Insurance Code and govern certain notice of cancellation requirements.
R.S. 22:213:
[[Image here]]
B. Other provisions (optional). No such policy shall be delivered or issued for delivery containing provisions respecting the matters set forth below unless such provisions are, in substance, in the following forms, or, at the option of the insurer, in forms which in the written opinion of the commissioner of insurance are not less favorable to the policyholder:
[[Image here]]
(7) Cancellation: The insurer may cancel this policy at any time by written notice, delivered to the insured, or mailed to his last address as shown by the records of the insurer, and shall refund the pro rata unearned portion of any premium paid. Such cancellation shall be without prejudice to any claim for benefits accrued or expenses incurred for services rendered prior to cancellation....
R.S. 22:636:
A. Cancellation by the insurer of any policy which by its terms is cancellable at the option of the insurer, or of any binder based on such policy, may be effected as to any interest only upon compliance with either or both of the following: (l)(a) Written notice of such cancellation must be actually delivered or mailed to the insured or to his representative in charge of the subject of the insurance not less than twenty days prior to the effective date of the cancellation except where termination of coverage is for nonpayment of premium.
[[Image here]]
(4) Any policy may be cancelled by the company at any time during the policy period for failure to pay any premium when due whether such premium is payable directly to the company or its agent or indirectly under a premium finance plan or extension of credit, by mailing or delivering to the insured written notice stating when, not less than ten days thereafter, such cancellation shall be effective. Nothing in this Code shall mandate a separate notice of lapsé for nonpayment of premium of a policy defined as provided by R.S. 22:1405(G).
There is extensive analysis of the “business of insurance” issue in the case relied upon by the trial judge, Pilot Life Ins. Co. v. Dedeaux, supra. That case originated in Mississippi, where the plaintiff sued his employer’s insurer for disability benefits, alleging tort and breach of contract claims under Mississippi common law. Unlike the instant case, there was no statutory scheme or code relating to or regulating insurance. Nevertheless, Mississippi jurisprudence recognized a cause of action based upon tortious bad faith, and the plaintiff’s argument was that Mississippi’s law of bad faith was one which regulated insurance.
In its analysis, the Supreme Court applied the criteria of the McCarran-Ferguson Act, 15 U.S.C. Sec. 1011 et seq., to determine whether a law regulates the “business of insurance.”
[FJirst, whether the practice has the effect of transferring or spreading a policyholder’s risk; second, whether the practice is an integral part of the policy relationship between the insurer and the insured; and third, whether the practice *942 is limited to entities within the insurance industry. (Citations omitted.) 107 S.Ct. at pp. 1553-1554.
The Court concluded that the wide impact of Mississippi's law of bad faith on tort and contract law, as well as on insurance law, led to the common-sense conclusion that it did not regulate the “business of insurance.”
We must also, under the holding of Pilot Life, consider whether our notice of cancellation statutes regulate the “business of insurance.” We conclude that the stab-utes in question fail to meet the first prong of the test: transferring or spreading a policyholder’s risk. They do not, therefore, regulate the “business of insurance” for the purpose of the saving clause. In light of the expressed policy of the Congress in enacting ERISA, we feel compelled to affirm the trial judge’s ruling.
[T]he question whether a certain state action is pre-empted by federal law is one of congressional intent. 1 “The purpose of Congress is the ultimate touchstone.” ’_ We have observed in the past that the express pre-emption provisions of ERISA are deliberately expansive, and designed to “establish pension plan regulation as exclusively a federal concern.”.... As we explained in Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 98, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983):
“The bill that became ERISA originally contained a limited pre-emption clause, applicable only to state laws relating to the specific subjects covered by ERISA. The Conference Committee rejected those provisions in favor of the present language, and indicated that section’s pre-emptive scope was as broad as its language. See H.R.Conf.Rep. No. 93-1280, p. 383 (1974); S.Conf.Rep. No. 93-1090, p. 383 (1974).”
The House and Senate sponsors emphasized both the breadth and’importance of the pre-emption provisions. Representative Dent described the “reservation to Federal authority the sole power to regulate the field of employee benefit plans” as ERISA’s “crowning achievement.” 120 Cong.Rec. 29197 (1974). Senator Williams said:
“It should be stressed that with the narrow exceptions specified in the bill, the substantive and enforcement provisions of the conference substitute are intended to preempt the field for Federal regulations, thus eliminating the threat of conflicting or inconsistent State and local regulation of employee benefit plans. This principle is intended to apply in its broadest sense to all actions of State or local governments, or any instrumentality thereof, which have the force or effect of law.” Id. at 29933.
Pilot Life Ins. Co. v. Dedeaux, supra 107 S.Ct. at p. 1552.
In addition, all Locklear’s claims, not just those relating to improper cancellation or lack of notice, are preempted. There are specific provisions in ERISA which cover breach of fiduciary duty (29 U.S.C. Sec. 1109) and wrongful discharge (29 U.S.C. Sec. 1140).
REMOVAL
In cases in which a beneficiary sues to recover benefits due him or her, the federal and state courts have concurrent jurisdiction. 29 U.S.C. Sec. 1132(e)(1). Since jurisdiction is proper in the state courts, there would appear to be no basis for removal to federal court. Furthermore, removal is a remedy offered to defendants. 28 U.S.C. Sec. 1441(a). None of the defendants herein have asked for removal, so there certainly was no error on the part of the trial judge in not ordering removal.
The ruling of the trial judge, dismissing the case of Eunice Locklear without prejudice, is affirmed.
AFFIRMED.