WICKER, Judge.
ON RECONSIDERATION
We previously affirmed a trial court ruling that Eunice Locklear’s claims against New York Life Insurance Company, The Chamber/New Orleans and the River Region, and Marsh and McLennan Group Associates were preempted by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Section 1001, et seq. This decision was published at 532 So.2d 937, and the opinion contains a recitation of the facts and procedural history. Locklear applied for writs to the Louisiana Supreme Court, 538 So.2d 581 (1989), which granted certiorari, reversed our decision, and remanded the case for us to consider in light of the Supreme Court’s decision in Soniat v. Travelers Ins. Co., 538 So.2d 210 (La.1989). We reverse our original decision and that of the trial court.
The Louisiana Supreme Court held that La.R.S. 22:213(B)(7) is a law regulating the business of insurance and is, therefore, not preempted by ERISA. “La.R.S. 22:213(B)(7) is part of a body of statutory law which does not just have an impact on the insurance industry, but is specifically directed to that industry. It therefore is clearly a state law which regulates insurance.” Soniat v. Travelers Ins. Co., supra at 214.
Locklear has alleged claims under La. R.S. 22:213(B)(7), which protects claims for benefits accrued prior to cancellation of insurance, and La.R.S. 22:636(A)(l)(a) and (4), which regulate notice of cancellation. Both these statutes are part of our Insurance Code. While the decision in Soniat v. Travelers Ins. Co., supra, addresses only the former statute, we see no reason to treat the latter differently, since it is part of that same body of law directed to the insurance industry.
We hold, therefore, that Eunice Lock-lear’s claims under La.R.S. 22:213(B)(7) and La.R.S. 22:636(A)(l)(a) and (4) are not preempted by ERISA. We remand for further proceedings.
REVERSED AND REMANDED